IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DARYLL CLARK,

        Defendant.

21-CR-6096



---

### PLEA AGREEMENT

The defendant, DARYLL CLARK, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 2252A(a)(2)(A)(receipt of child pornography), for which the mandatory minimum term of imprisonment is 15 years and the maximum possible sentence is a term of imprisonment of 40 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant admits that the defendant has a prior conviction under the laws of the State of New York relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor, which subjects the defendant to the enhanced penalties provided for in Title 18, United States Code, Section 2252A(b)(1).

3. The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for the offense of conviction pursuant to Title 18, United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

4. The defendant understands that the Court must impose an assessment of not more than $35,000 for the offense of conviction pursuant to Title 18, United States Code, Section 2259A(a)(2), in addition to any other criminal penalty, restitution or special assessment.

5. The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259(a), the Court must order restitution for the full amount of the victims' compensable losses, as determined by the Court. The defendant understands that the defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

6.   The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to years 3 years without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

7.   The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to

prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

8. The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II. ELEMENTS AND FACTUAL BASIS

9. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. That the defendant knowingly received a visual depiction;

   b. That the defendant knew such visual depiction constituted child pornography, as defined in Title 18, United States Code, Section 2256(8); and

   c. That such visual depiction was received using any means or facility of interstate or foreign commerce, or was shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

## FACTUAL BASIS

10. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. From on or about March 15, 2020, to on or about May 2, 2020, in the Western District of New York, and elsewhere, the defendant, DARYLL CLARK, did knowingly receive visual depictions of Minor Victim 1, a 15 year old female, knowing such depictions constituted child pornography, and which visual depictions were received by defendant using a means and facility of interstate commerce and had been transported in or affecting interstate commerce.

   b. Specifically, while at his home located in the Western District of New York, CLARK used a cell phone connected to a facility of interstate commerce, that is, the internet, to receive images and videos of Minor Victim 1 engaged in sexually explicit conduct, including videos of Minor Victim 1 touching her vagina with her fingers and other objects. The images were sent from a cell phone in Missouri to a cell phone in New York.

   c. CLARK acknowledges and agrees that he solicited and directed Minor Victim 1 to create sexually explicit images and videos, that Minor Victim 1 did in fact produce such images and videos, and that the images and videos CLARK received from Minor Victim 1 were in fact sexually explicit.

   d. CLARK acknowledges and agrees that the offense involved the commission of a sexual act or sexual contact within the meaning of Guidelines § 2G2.1(b)(2)(A).

   e. CLARK further acknowledges and agrees that the offense involved material that portrayed sadistic and masochistic conduct within the meaning of Guidelines § 2G2.1(b)(4)(A), that is, images of Minor Victim 1 engaged in degrading, humiliating or harmful activities.

   f. CLARK further acknowledges and agrees that he knowingly misrepresented his age to Minor Victim 1 and that he solicited her participation in in sexually explicit conduct using a computer, within the meaning of Guidelines §§ 2G2.1(b)(6)(A) & (B).

### III. SENTENCING GUIDELINES

11. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

12. The government and the defendant agree that Guidelines §§ 2G2.2(c)(1) & 2G2.1(a) apply to the offense of conviction and provide for a base offense level of 32.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

13. The government and the defendant agree that the following specific offense characteristics do apply:

   a. the two-level increase pursuant to Guidelines § 2G2.1(b)(1)(B) [offense involved a minor who had not attained the age of 16 years];

   b. the two-level increase pursuant to Guidelines § 2G2.1(b)(2)(A) [offense involved the commission of a sexual act or sexual contact];

   c. the four-level increase pursuant to Guidelines § 2G2.1(b)(4)(A) [offense involved material that portrays sadistic and masochistic conduct, or other depictions of violence]; and

   c. the two-level increase pursuant to Guidelines §§ 2G2.1(b)(6)(A) & -(B) [offense involved knowing misrepresentation of defendant's identity, that is, his age; and also involved the use of a computer to persuade, induce, and solicit participation by a minor to engage in sexually explicit conduct].

### ADJUSTED OFFENSE LEVEL

14. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 42.

## ACCEPTANCE OF RESPONSIBILITY

15. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 39.

## CRIMINAL HISTORY CATEGORY

16. It is the understanding of the government and the defendant that the defendant's criminal history category is III. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

17. It is the understanding of the government and the defendant that, with a total offense level of 39 and criminal history category of III, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be **a term of imprisonment of 324 to 405 months, a fine of $50,000 to $500,000, and a period of supervised release of 5 years to life.** Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

18. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence **impose a term of imprisonment of 324 to 405 months** as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. If, after reviewing the presentence report, the Court rejects this agreement, the government may move to vacate the plea agreement. If the government moves to vacate the agreement, the defendant's plea shall be deemed withdrawn. This agreement does not affect the amount of a fine, the amount of restitution or the length and conditions of a term of supervised release/probation that may be imposed by the Court at sentencing.

19. The defendant understands that except as set forth in ¶ 18, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

20. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period

of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

21. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

22. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

23. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 20-MJ-730.

24. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

25. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 17, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

26. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

27. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 17, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. FORFEITURE PROVISIONS

28. As a result of the convictions for the foregoing offenses alleged in Counts of the Information, the defendant agrees to criminally forfeit to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3), any property which contains a visual depiction of child pornography and any and all property, real and personal, used, or intended to be used to commit or to promote the commission of such offenses and all property traceable to such property, including but not limited to the following:

   a. One (1) ZTE Flip serial 329F7702047D

29. The defendant also agrees that the property listed above is properly forfeitable to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3). The defendant further agrees to fully assist the government in the forfeiture of the aforementioned property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, as deemed necessary by the government.

30. After the acceptance of the defendant's guilty pleas, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the government will request a <u>Preliminary Order of Forfeiture</u> covering the items listed above. The defendant hereby waives any right to notice of such <u>Preliminary Order of Forfeiture</u>. The defendant further consents and agrees that the <u>Order of Forfeiture</u> shall become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the Judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

31. The defendant agrees to the entry of an Order of Forfeiture for the aforementioned property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty pleas are accepted.

32. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets and imposition of a civil penalty. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

## IX TOTAL AGREEMENT AND AFFIRMATIONS

33. This plea agreement represents the total agreement between the defendant, DARYLL CLARK, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

                          JAMES P. KENNEDY, JR.
                          United States Attorney
                          Western District of New York

BY: _____
                          JOHN J. FIELD
                          Assistant United States Attorney

                          Dated: August 17, 2021

I have read this agreement, which consists of pages 1 through 14. I have had a full opportunity to discuss this agreement with my attorney, JEFFREY CICCONE, Esq. I agree that it represents the total agreement reached between me and the government. No promises

Aug. 17. 2021  1:49PM        Federal Public Defender - WDN                    No. 1259    P. 17/19

or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____  
DARYLL CLARK  
Defendant  
Dated: August 17, 2021

_____  
JEFFREY CICCONE, ESQ.  
Attorney for the Defendant  
Dated: August 17, 2021

14