IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                            21-CR-6096

DARYLL CLARK

            Defendant.

## STATEMENT OF THE GOVERNMENT
## WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE** that the government adopts the findings of the Presentence Report with respect to sentencing factors except as to its determination regarding defendant's criminal history.  The plea agreement differs from the Sentencing Guideline calculation in the Presentence Report in that the plea agreement calculated defendant's criminal history to be category III and the presentence report found it to be category IV.  Pursuant to United States v. Lawlor, 168 F.3d 633 (2d Cir. 1999), the government is bound to advocate the calculation in the plea agreement.  Notwithstanding the difference in criminal history category,[1] the government believes a sentence within the range of between 324 months and 405 months is sufficient to meet the sentencing objectives set forth in 18 U.S.C. § 3553(a), and that the Court should accept the plea and impose a sentence between 324 months and 405 months.

---

[1]     The PSR in paragraph 66 assessed an additional 2 points that the parties did not include in performing their criminal history calculation.  The additional 2 points arose from the fact that defendant was technically still under a misdemeanor sentence from 2011.  At the time defendant committed the instant offense, he was subject to an outstanding warrant issued on probation violations in that case.

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three (3) business days prior to sentencing.

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $100 at the time of sentencing.  In addition, the defendant may be subject to an assessment of $5,000 pursuant to 18 U.S.C. § 3014, and an assessment of $35,000 pursuant to 18 U.S.C. § 2259A(a)(2). Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

>    Asset Recovery Division
>    U.S. Attorney's Office WDNY
>    138 Delaware Avenue
>    Buffalo, New York   14202

If a letter is not received within ten (10) days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the

defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the government hereby moves the Court to apply the additional one (1) level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

DATED: Rochester, New York, November 5, 2021

        TRINI E. ROSS
        United States Attorney

BY:   s/JOHN J. FIELD
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Rochester, New York   14614
        (585) 399-3900
        John.Field@usdoj.gov

cc:   Jeffrey Ciccone *(via ECF)*
      Jennifer Fish, US Probation *(via email)*